**UNITED STATES STEEL CORPORATION, Republic Steel Corporation, et al., Plaintiffs,**

v.

**UNITED STATES of America, et al., Defendants,**

**and**

**Companhia Siderurgica Paulista, et al., Defendants-Intervenors.**

**UNITED STATES STEEL CORPORATION, Republic Steel Corporation, et al., Plaintiffs,**

v.

**UNITED STATES of America, et al., Defendants.**

**Court Nos. 82–10–01361, 82–12–01707.**

United States Court of International Trade.

Nov. 3, 1983.

MEMORANDUM OPINION AND ORDER

WATSON, Judge:

In this opinion the Court rules on a number of procedural motions of more than passing interest.

Plaintiffs have moved to have the briefs which they have filed, or will file, in Court No. 82–10–01361 (in connection with the issues arising from the *preliminary* determination of the International Trade Administration of the Department of Commerce (ITA) on certain carbon steel products from Brazil) utilized for judicial review under Rule 56.1 of the same issues as they arise

from the *final* Brazil determination (the challenge to which, originally begun in Court No. 83–01–00152, was later consolidated with Court No. 82–10–01361). In the separate briefing which is underway in Court No. 82–10–01361 these issues have been termed "creditworthiness," "equity infusions," "valuation methodologies," and "time periods" (alleged disregard of current information).

The government has no objection to this procedure and the Court approves it.

The plaintiffs have also asked that their briefs in Court No. 82–10–01361 on the subject of "valuation methodologies" and "time periods" be utilized for review under Rule 56.1 in Court No. 82–12–01707, brought to contest a final subsidy determination involving steel from Spain. There appears to be no dispute that the issues of "valuation methodologies" and "time periods" are also involved in that case.

The government does not dispute the identity of issues in these cases but opposes the motion, terming it a disguised attempt to achieve consolidation. (In Slip Op. 83–65 (June 28, 1983) the Court rejected the consolidation of Court No. 82–12–01707 (Spain) and 82–10–01361 in the course of dealing with a raft of procedural matters.)

■ The government proposes instead that Court No. 82–12–01707 be suspended pending the resolution of Court No. 82–10–01361, in order to avoid unnecessary filing of repetitious briefs and in order to possibly have the issues narrowed by the result in Court No. 82–10–01361.

Absent a more concrete enhancement of the disposition of the action in Court No. 82–12–01707, the Court is loath to suspend cases which have been given a statutory priority in 28 U.S.C. § 2647(4). For this reason, defendant's proposal is rejected and its cross-motion to suspend is Denied.

■ Although plaintiffs' proposal does seem to be one way of moving more rapidly toward disposition of Court No. 82–12–01707, it now appears to the Court to be unnecessarily complicated and inferior to straightforward consolidation. The Court's earlier refusal to consolidate in Slip Op. 83–65 *supra,* came about more from preoc-

cupation with a motion to dismiss than a definite conclusion that consolidation was inappropriate. At the present time the Court sees an identity of two issues and a prospect of speedy and efficient disposition, which make consolidation the best alternative. If at some point, the introduction of Spain into Court No. 82–10–01361 requires some adjustment to the future briefing schedule, the timing can be altered somewhat, but the movement towards disposition will still be more efficient than if the actions were kept apart.

For the reasons stated, it is hereby

ORDERED that Court No. 82–12–01707 be consolidated with Court No. 82–10–01361, which action shall proceed under the latter number without the need for further pleadings and it is further

ORDERED that all issues in the consolidated action may be submitted for review under Rule 56.1. All briefs previously submitted shall be considered as filed for the issues now contained in the action to the extent that they relate to those issues. All further briefing shall be on the same schedule and terms as has been established.